## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

FIRST AMERICAN TITLE
INSURANCE COMPANY,

                              Plaintiff

vs.

APEX TITLE, INC., THE LAW
OFFICE OF MICHAEL A. EDDINGS,
P.C., MICHAEL A. EDDINGS,
individually, SONYA EDDINGS,
COLUMBUS BANK AND TRUST
COMPANY, a Division of Synovus
Bank, UPTOWN FISH HOUSE, LLC,
EDDINGS HOLDINGS, INC. d/b/a
THE COFFEE BEANERY

                              Defendants.

**CIVIL ACTION**

**FILE NO.** 4-12-cv-10 (CDL)_____

## COMPLAINT FOR DAMAGES

COMES NOW First American Title Insurance Company, Plaintiff in the above-styled action, and files this, its Complaint for Damages, respectfully showing as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff First American Title Insurance Company is a foreign corporation engaged in the business of issuing title insurance policies. Its principal office is located at 1 First American Way, Santa Ana, California.

2.

Defendant The Law Offices of Michael A. Eddings, P.C. (hereinafter the "Firm") is a Georgia professional corporation and may be served by and through its registered agent, Michael A. Eddings, at 860 Brookstone Center Parkway, Suite B, Columbus, Georgia 31904. The Firm is subject to the jurisdiction of this Court, and venue is proper herein.

3.

Defendant Michael A. Eddings is a resident of Muscogee County, Georgia and can be served at his place of residence, 3 Mink Court, Midland, Georgia 31820. Eddings is subject to the jurisdiction of this Court, and venue is proper herein.

4.

Defendant Sonya Eddings is a resident of Muscogee County, Georgia and can be served at her place of residence, 3 Mink Court, Midland, Georgia 31820. Eddings is subject to the jurisdiction of this Court, and venue is proper herein.

5.

Defendant Uptown Fishouse, LLC (hereinafter the "Fishouse") is a Georgia corporation and may be served by and through its registered agent, Michael A. Eddings, at 860 Brookstone Center Parkway, Suite B, Columbus, Georgia 31904. The Fishouse is subject to the jurisdiction of this Court, and venue is proper herein.

6.

Defendant   Eddings Holdings, Inc. (hereinafter the "Eddings Holdings"), d/b/a The Coffee Beanery, is a Georgia corporation and may be served by and through its registered agent, Michael A. Eddings, at 860 Brookstone Center Parkway, Suite B, Columbus, Georgia 31904.  Eddings Holdings is subject to the jurisdiction of this Court, and venue is proper herein.

7.

Defendant Apex Title, Inc. is an Alabama corporation licensed to do business in the State of Georgia and maintains a registered agent in the State through whom service can be made as follows: Michael A. Eddings, 860 Brookstone Center Parkway, Suite B, Columbus, Georgia 31904.  Apex is subject to the jurisdiction of this Court and venue is proper herein.

8.

Defendant Columbus Bank & Trust Company ("CB&T") is a division of Synovus Bank, a Georgia corporation, and may be served through its registered agent, Corporation Service Company, Inc. at 40 Technology Parkway South #300, Norcross, Georgia  30092.  CB&T is subject to the jurisdiction of this Court and venue is proper herein.

9.

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332.  Complete diversity exists between First American and all of the Defendants.  The amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## FACTUAL BACKGROUND

10.

Michael Eddings is licensed to and has practiced law in Georgia since approximately 2002.  He is the sole owner and principal of The Law Offices of Michael A. Eddings, P.C.

11.

Sonya Eddings is Michael Eddings' wife.  Upon information and belief, she performed administrative and accounting duties for the Firm and Apex and had full access to the escrow and operating accounts.

12.

The Firm and Apex are parties to Title Insurance Agency Agreements with Plaintiff First American for purposes of issuing owners' and lenders' title insurance policies and collecting premiums therefor.  A copy of the Agency Agreement of the Firm is attached hereto as Exhibit "A" and the Agency Agreement of Apex is attached hereto as Exhibit "B".  Eddings personally

guaranteed the Agency Agreements.    Copies of the personal guarantees are attached hereto as Exhibit "C".

13.

As parties to the Agency Agreements, the Firm and Apex have a duty to keep escrow accounts separate from operating accounts and to ensure that all funds received by the Firm and/or Apex from any source in connection with transactions in which First American Title Insurance is involved are maintained in an escrow account for that purpose.    The Firm and Apex also have a duty to disburse the funds only for purposes for which they were entrusted and to reconcile bank statements on various Firm accounts.    Additionally, the Firm and Apex have the duty and responsibility to prepare HUD-1 Settlement Statements, prepare payoff and other checks pursuant to the Settlement Statements, and send out payoffs and other payments to the appropriate parties.

14.

The Firm and Apex maintained their escrow accounts and operating accounts with Co-Defendant CB&T.

15.

On or about Thursday, October 27, 2011, First American was informed that the Firm and Apex failed to disburse hundreds of thousands of dollars intended for

loan payoffs and/or seller proceeds from multiple closings they conducted. A copy of Sonya Eddings' written statement is attached hereto as Exhibit "D."

16.

Upon learning of Apex and the Firm's mishandling of funds, First American conducted an initial investigation and audit of Apex and the Firm's financial records.   The investigation, which is ongoing, disclosed not only wrongful diversion of escrow funds, but also the alteration of banking records and wire transmittal documentation.

17.

During its investigation, Sonya Eddings admitted that since at least 2007, she regularly diverted funds intended for loan payoffs or seller proceeds out of the escrow account to the operating account, in order to pay debts and expenses of other companies operated by Eddings, including Eddings Holdings, the Fishouse, The Coffee Beanery and business loans with CB&T.  Sonya Eddings, Michael Eddings, the Firm, the Fishouse, Eddings Holdings and the Beanery are from time to time hereafter referred to collectively as the "Eddings Defendants."   (See Exhibit D)

18.

By their own admission to First American, Eddings and his wife were struggling to make the payments on their various business and personal loans from CB&T.

19.

Sonya Eddings was given access to and advanced money out of the escrow account to pay the Eddings Defendants' personal and business obligations which, upon information and belief, include loans funded by CB&T.

20.

The continuous improper transfer of funds out of the Firm's escrow account resulted in the escrow account having a negative balance on numerous occasions. CB&T was aware of the regular depletion on these trust funds, yet, upon information and belief, continued to permit the improper use of escrow funds. Based on the statements made by Sonya Eddings, funds taken from the escrow account were used to pay outstanding obligations between some or all of the Eddings Defendants and CB&T, including interest on business and/or personal loans owed by the Eddings Defendants.

21.

Affirmative steps were taken to conceal the negative escrow account balances from First American by altering the bank statements, including the

manipulation of account information provided to First American during its audit of the Firm's financial records.

22.

CB&T was on notice of the Eddings' mishandling and misappropriation of escrow account funds, but continued to accept payments using the escrow funds for its own benefit and permitted the Eddings' ongoing scheme to defraud parties to the various transactions and First American.

23.

Upon information and belief, CB&T failed to conduct a reasonable investigation in to Eddings' unauthorized use of the escrow funds in order to evade any inquiry that would disclose a defect in the Eddings' loan payments to CB&T.

24.

As a direct result of the Defendants' misconduct and mishandling of the escrow funds, sellers, lenders and others never received payoff funds from closings Eddings conducted and have filed title insurance claims with First American for the respective amounts.  These acts of nonfeasance and malfeasance  expose First American to numerous claims by its insureds and other parties to the underlying transactions, in an amount in excess of one million ($1,000,000.00) dollars.

## COUNT ONE – BREACH OF EXPRESS CONTRACT
### (Defendants Apex and the Firm)

25.

First American hereby incorporates each and every allegation stated above as if stated herein verbatim and does further show as follows:

26.

Defendants breached the Agency Agreement by failing to disburse the payoff funds to the intended lenders and sellers from numerous closings they conducted.

27.

Defendants breached the Agency Agreements by failing to conduct business in a prudent, safe, sound, and ethical manner and in accordance with title insurance underwriting principles and the rules, regulations and instructions of First American.

28.

Defendants breached the Agency Agreements by failing to provide First American with all data prepared in connection with the title investigation.

29.

Defendants breached the Agency Agreement by failing to make good the shortages revealed in their escrow account for the payoff funds.

30.

As a result of the Defendants' breach of the Agency Agreements, First American has suffered damages in an amount equal to those amounts it is obligated to pay its insureds under the contractual provisions of the title insurance policies and/or the closing protection letters issued for the underlying transactions.  The exact sum of such loss is not as of this time certain, but the amounts claimed are presently in excess of one million ($1,000,000.00) dollars.

31.

As a result of Defendants' breach of the Agency Agreements, First American also incurred additional expenses and costs associated with various other closings conducted by Defendants, in an amount to be proven at trial.

## COUNT TWO - GUARANTEE BY MICHAEL EDDINGS

32.

First American hereby incorporates each and every allegation stated above as if stated herein verbatim and does further show as follows:

33.

Michael Eddings executed a personal guarantee of the Agency Agreements. (See Exhibit C).

34.

The Firm and Apex are in breach of the Agency Agreements for those reasons set forth in Count One above.

35.

Pursuant to the Personal Guarantees, First American is entitled to a judgment against Eddings, individually, and jointly and severally with the Firm and Apex for those damages arising from the Firm and/or Apex's breach of the Agency Agreements.

## COUNT THREE – PROFESSIONAL NEGLIGENCE
### (Defendants – Apex, the Firm, Michael Eddings)

36.

First American hereby incorporates each and every allegation stated above as if stated herein verbatim and does further show as follows:

37.

Defendants hold themselves out as qualified to conduct residential closings and to timely, prudently and ethically disburse payoff funds to lenders to satisfy their liens.  First American and its insured parties relied upon Defendants to perform their duties as closing attorney and approved attorney to disburse lender payoff funds within the applicable standards of care, skill and ability ordinarily

exercised by attorneys in the state of Georgia at the time of the events described above in the conduct of the real estate closing.

38.

Defendants' failure to disburse the payoff funds departed from the standard of care required by closing attorneys in the State of Georgia.

39.

Defendant Eddings, in his capacity as managing agent for the Firm and Apex, failed to exercise reasonable care in the oversight of his administrative staff, the accounting of escrow funds and the disbursement of such funds.

40.

Attached as Exhibit "E" is the Affidavit of Attorney John Robinson. His practice focuses on real estate matters, including closings.   He is licensed to practice law in the state of Georgia.   As required by O.C.G.A. § 9-11-9.1, he testifies in his affidavit to at least one negligent act or omission and the factual basis for each act or omission.

41.

Defendants' failure to disburse the payoff funds from the closings was a breach of professional duty.

42.

As a result of Defendants' negligence, First American, as subrogee/assignee of its insureds, seeks compensatory and other damages to be determined by a trier of fact.

## COUNT FOUR: INDEMNIFICATION
### (Defendants Apex, the Firm, and Michael Eddings)

43.

First American hereby incorporates each and every allegation stated above as if stated herein verbatim and does further show as follows:

44.

Pursuant to the terms of the Agency Agreements and common law, Defendants owe First American a duty of indemnification.

45.

The Agency Agreements expressly provide that the Agent will indemnify First American for any loss incurred in the event of the Agent's failure to comply with the terms of the Agreements or with the rules, regulations or instructions given to Agent by First American and/or any improper closing or attempted closing by the Agent of any transaction involving the issuance of a commitment, policy or insured closing service letter of First American.

46.

Upon information and belief, based upon claims asserted by First American's insureds, the Defendants' failure to disburse payoff funds in excess of $2,000,000.00 reflected a breach of the duty of care owed by a lawyer licensed to practice law in this State and which was contrary to the usual and customary practices and procedures, and resulted in a loss suffered by First American.

47.

First American is entitled to be indemnified by Defendants for the amounts paid to its insured and or third parties to meet its contractual obligations and for such losses as it suffered directly as a result of the Defendants' failure to comply with the standard of care owed First American and its insureds.

## COUNT FIVE – FRAUD
**(Defendants Apex, the Firm, Michael Eddings and Sonya Eddings)**

48.

First American hereby incorporates each and every allegation stated above as if stated herein verbatim and does further show as follows:

49.

Defendants represented that they properly disbursed payoff funds in excess of $2,000,000.00 from various closings Apex and the Firm had conducted. Defendants further failed to disclose material information known to First American

including true and correct account information relating to the disbursement of funds and the handling of escrow accounts.

50.

Those representations were false and were made by Defendants with knowledge that they were false and with the intent to mislead First American and its insureds, who reasonably relied on those representations.

51.

As a result, First American incurred damages in an amount to be proven at trial and is entitled to recover those damages from Defendants jointly and severally.

## COUNT FIVE - CONSPIRACY TO DEFRAUD
### (All Defendants)

52.

First American hereby incorporates each and every allegation stated above as if stated herein verbatim and does further show as follows:

53.

Through their actions as set out in this Complaint, Defendants conspired to defraud First American and its insureds by intentionally failing to disburse payoff funds which, upon the statement of Sonya Eddings, are in excess of $2,000,000.00, using the escrow funds to pay personal and business loans, and then conspiring to conceal these fraudulent acts.  As a result, First American incurred damages in an

amount to be proven at trial and is entitled to recover those damages from the Defendants.

54.

**COUNT SIX – CONVERSION AND UNJUST ENRICHMENT**
**(All Defendants)**

55.

First American hereby incorporates each and every allegation stated above as if stated herein verbatim and does further show as follows:

56.

Based upon Sonya Eddings' admission, Defendants failed to disburse the payoff funds in an amount in excess of $2,000,000.00 intended to satisfy sellers' proceeds or insured lenders' liens from various closings conducted by Apex, the Firm and Michael Eddings.

57.

Instead, Defendants Michael and Sonya Eddings intentionally converted the payoff funds from the Firm's escrow account for their own personal use, including but not limited to, making personal and business loan payments to CB&T.

58.

CB&T was on notice of the Eddings' misconduct and failed to undertake reasonable investigation or put in place reasonable methods to prevent the unauthorized and improper payments it regularly received from the Eddings.

16

CB&T was under a duty to disclose such misconduct, yet failed to undertake to do so or take such further action as would prevent the misconduct and harm to foreseeable victims, such as First American and its insureds.   This failure to take action to prevent the loss to foreseeable third parties facilitated and provided the conduit for the wrongful practice of the Eddings Defendants which, based upon the admission of Sonya Eddings, continued for in excess of four years.

59.

Defendants' intentional actions as set out above constitute a conspiracy to commit conversion, conversion and unjust enrichment.

60.

By reason of these facts, Defendants are indebted to First American and its insureds for conversion and unjust enrichment in an amount to be determined by the trier of fact.

## COUNT SEVEN – NEGLIGENCE
### (Defendant CB&T)

61.

First American hereby incorporates each and every allegation stated above as if stated herein verbatim and does further show as follows:

62.

CB&T had a duty to monitor the IOLTA escrow account activities of the Apex and the Firm for negative balances and other suspicious activity.

63.

CB&T was on notice that the IOLTA trust account held funds belonging to third parties from closings Eddings conducted and, therefore, was aware of the foreseeable risk or injury to third parties, such as First American, arising from conversion of the IOLTA trust account funds.

64.

CB&T was aware of the repeated negative escrow account balance, but took no reasonable steps to investigate or report this irregular account activity, or to prevent the Defendants from continuing in this repeated and calculated scheme of diverting funds held in escrow.

65.

In failing to adequately monitor, investigate, or report suspicious IOLTA account activity, CB&T breached its duty of ordinary care and caused damage to First American in an amount to be determined by the trier of fact.

66.

## COUNT NINE – PIERCING THE CORPORATE VEIL AND IMPOSITION OF CONSTRUCTIVE TRUST
### (The Eddings Defendants)

67.

First American hereby incorporates each and every allegation stated above as if stated herein verbatim and does further show as follows:

68.

Mr. Eddings has exercised dominion and control over all aspects of the operation of the Firm and Apex.

69.

The Eddings Defendants disregarded the corporate form and fraudulently used escrow funds for the Eddings' personal use and benefit.

70.

Whereas Mr. Eddings, Sonya Eddings, Apex, the Firm, Uptown Fish House and Coffee Beanery are alter egos, First American prays that the Court determine that, by virtue of these Eddings Defendants' failure to maintain its corporate identity and separateness, any and all judgments entered against Apex and/or the Firm be entered against Mr. Eddings and Sonya Eddings, individually.

71.

Whereas the converted funds were used in the joint enterprise of these various companies and to perpetuate theft of funds, First American is entitled to the imposition of a constructive trust against all assets of the Eddings Defendants. A notice of lis pendens is filed contemporaneous herewith giving notice of such claims.

## COUNT TEN—PUNITIVE DAMAGES
### (All Defendants)

72.

First American hereby incorporates each and every allegation stated above as if stated herein verbatim and does further show as follows:

73.

The Defendants knowingly, intentionally, willfully, fraudulently and in conscious disregard of the consequences, defrauded and/or conspired to defraud First American with their pattern of deceit as set forth above.   Thus, First American is entitled to recover punitive damages against all of them, jointly and severally, under O.C.G.A. § 51-12-5.1.

## COUNT TEN – ATTORNEY'S FEES AND LITIGATION EXPENSES
### (All Defendants)

74.

First American hereby incorporates each and every allegation stated above as if stated herein verbatim and does further show as follows:

75.

Defendants have been stubbornly litigious, acted in bad faith and caused First American unnecessary trouble and expense in having to bring this lawsuit.

76.

As such, First American is entitled to all the expenses of litigation pursuant to O.C.G.A. § 13-6-11, in addition to those express provisions regarding indemnification as contained in the Agreement.

WHEREFORE, the First American requests the following relief:

a)      That Defendants Eddings, Apex, and the Firm indemnify First American in an amount to be proven at trial, including other costs and expenses incurred associated with various other closings Defendants conducted;

b)      That First American be awarded all compensatory and other damages as a result of Defendants' negligence;

c)      That First American be awarded all compensatory and other damages as a result of Defendants' fraud, conspiracy to defraud, conversion and unjust enrichment;

d)      That the Court pierce the corporate veil so that any judgments against Apex and/or the Firm be entered against Michael Eddings and Sonya Eddings, jointly and severally;

e)      That First American be awarded punitive damages against Defendants;

f)      That First American be awarded all costs of this action, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11 due to the Defendants' failure to pay monies owed to First American; and

g)      Trial by Jury on all claims;

h)      Such other relief as the Court deems just and proper.

This 13th day of January 2012.

                              Respectfully submitted,

                              WEISSMAN, NOWACK, CURRY & WILCO, P.C.


                    BY:     /s/ Jeffrey H. Schneider
                            Jeffrey H. Schneider
                            Georgia Bar No. 629545
                            Angele Rishi
                            Georgia Bar No. 606534

One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, GA  30326
(404) 926-4500