IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

FIRST AMERICAN TITLE INSURANCE   *
COMPANY,
                                 *
        Plaintiff,
                                 *
vs.                                          CASE NO. 4:12-CV-10 (CDL)
                                 *
APEX TITLE INC., *et al.*,
                                 *
        Defendants.
                                 *
_____

O R D E R

        This action arises from alleged misappropriation of funds
in an attorney's trust escrow accounts.  Plaintiff First
American Title Insurance Company ("First American"), which has
been called upon to clear up certain real estate titles by
making pay-offs that were supposed to be paid from the trust
escrow accounts, alleges that Defendants Michael Eddings
("Michael Eddings") and Sonya Eddings ("Sonya Eddings") diverted
client funds from the trust escrow accounts of Defendant Law
Offices of Michael Eddings ("Eddings Firm") and Defendant Apex
Title, Inc. ("Apex") and used them to pay various personal and
business obligations.  In this action, First American asserts
claims against Michael Eddings, Sonya Eddings and various
businesses owned by the Eddings family.  First American also
asserts a claim against Defendant Columbus Bank & Trust Company
("CB&T"), the bank where both the Eddings Firm and Apex

maintained their escrow accounts.  First American contends that CB&T knew that funds from the escrow accounts were mishandled and misappropriated and yet took no action to protect the actual owners of the escrow account funds.  In addition, Michael Eddings and the Eddings Firm assert negligence crossclaims against CB&T, asserting that CB&T honored checks from the escrow accounts even when there were insufficient funds in the accounts (thereby creating an overdraft) instead of returning them for insufficient funds.  Michael Eddings and the Eddings Firm also allege that CB&T notified Sonya Eddings but not Michael Eddings and the Eddings Firm when the escrow account was overdrawn.

Presently pending before the Court is CB&T's Motion to Dismiss First American's claims against CB&T (ECF No. 57), which is denied for the reasons set forth below.  Also pending before the Court are CB&T's Motions to Dismiss the crossclaims brought against it by Michael Eddings and the Eddings Firm (ECF Nos. 60 & 61), which are granted for the reasons set forth below.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## FACTUAL ALLEGATIONS

First American is in the business of issuing title insurance policies. Michael Eddings is licensed to practice law in Georgia, and he is the sole owner and principal of the Eddings Firm. Michael Eddings has several other business ventures, including Apex, a title agency. Sonya Eddings is Michael Eddings's wife. Sonya Eddings performed administrative and accounting duties for both the Eddings Firm and Apex, and she had full access to the escrow and operating accounts.

Both the Eddings Firm and Apex maintained their escrow and operating accounts with CB&T.  In October 2011, First American was informed that the Eddings Firm and Apex "failed to disburse hundreds of thousands of dollars intended for loan payoffs and/or seller proceeds from multiple closings they conducted." Am. Compl. ¶ 15.  First American conducted an investigation of Apex and the Eddings Firm and discovered "wrongful diversion of escrow funds" and the alteration of banking records.  *Id.* ¶ 16. During the investigation, Sonya Eddings admitted that she had, since at least 2007, "regularly diverted funds intended for loan payoffs or seller proceeds out of the escrow account to the operating account" so she could pay debts and expenses of other companies operated by the Eddings family, including various business and personal loans from CB&T.  *Id.* ¶ 17.

The diversion of funds from the escrow accounts resulted in a "negative balance on numerous occasions."  *Id.* ¶ 20.  CB&T was aware of the repeated overdrafts on the escrow accounts but did not perform an investigation or take other action.

First American alleges that because of the diversion of the escrow funds, "sellers, lenders and others never received payoff funds from closings [Michael] Eddings conducted and have filed title insurance claims with First American."  *Id.* ¶ 24.  First American makes various claims against Michael Eddings, Sonya Eddings, the Eddings Firm, Apex, and other companies owned by

the Eddings family.   First American also brought a negligence claim against CB&T, contending that CB&T had a duty to monitor the escrow accounts for suspicious activity but did not take action in response to irregular activity on the accounts. Michael Eddings and the Eddings Firm assert negligence crossclaims against CB&T, alleging that the bank permitted overdrafts on the escrow accounts instead of returning checks for insufficient funds.   Michael Eddings and the Eddings Firm also allege that CB&T notified Sonya Eddings but not Michael Eddings and the Eddings Firm when the escrow account was overdrawn.

DISCUSSION

I.   **First American's Claim Against CB&T**

First American asserts that CB&T is liable to it based on misappropriations of trust funds by Michael and Sonya Eddings. Under Georgia law, a bank may be liable for a breach of trust based on improper withdrawal of trust funds, but only if the bank has notice or knowledge that the breach of trust is being committed.   *E.g., Tattnall Bank v. Harvey*, 186 Ga. 752, 753, 198 S.E. 724, 725 (1938).   Banks "have long been protected from liability for misuse of trust funds by fiduciaries where the bank was without knowledge of the wrongdoing." *Trust Co. of Ga. v. Nationwide Moving & Storage Co.*, 235 Ga. 229, 231, 219 S.E.2d 162, 165 (1975).   This rule is codified in a statute: "Whenever

5

any . . . fiduciary, whether bona fide or mala fide, shall deposit any money in any bank to his credit . . . fiduciary . . . such bank shall be authorized to pay the amount of such deposit, or any part thereof, upon the order of such . . . fiduciary, signed with the name in which such deposit was entered, without being accountable in any way to the principal, cestui que trust, or other person or corporation who may be entitled to or interested in the amount so deposited." O.C.G.A. § 7-1-352.  "It is clear that the statute is designed to protect a bank from liability where an agent or fiduciary misappropriates funds of the owner in breach of his agency or trust *without the bank's knowledge*. The bank is not required to scrutinize every check written by a fiduciary or agent to see if the check is written in compliance with the agent's authority." *Nat'l Bank of Ga. v. Weiner*, 180 Ga. App. 61, 65, 348 S.E.2d 492, 497 (1986) (emphasis added) (internal quotation marks omitted).

Here, First American alleges that Sonya Eddings withdrew funds from the escrow accounts and then did not use the funds for their intended purpose.  First American also alleges that Sonya Eddings was an authorized signatory on the trust accounts. *See* Am. Comp. ¶ 11 (alleging that Sonya Eddings performed administrative and accounting duties for the Eddings Firm and Apex "and had full access to the escrow and operating

accounts"). The remaining question is whether First American alleges sufficient facts to create an inference that CB&T knew that Sonya Eddings was misappropriating the funds after she withdrew them. "Thus the question is, did the bank have either actual knowledge of the misapplication, or were the circumstances such as to raise a presumption of knowledge, or did the circumstances reasonably support the sole inference that a breach of trust was intended?" *Nat'l Factor & Inv. Corp. v. State Bank of Cochran*, 224 Ga. 535, 163 S.E.2d 817 (1968).

First American alleges that "CB&T was on notice of the Eddings' mishandling and misappropriation of escrow account funds." Am. Compl. ¶ 22. First American further alleges that CB&T had knowledge of an "extensive pattern of malfeasance": "repeated overdrafts and negative account balances." Pl.'s Resp. to Def.'s Mot. to Dismiss 8, ECF No. 64; *accord* Am. Compl. ¶ 63 (alleging that "CB&T was aware of the repeated negative escrow account balance, but took no reasonable steps to investigate or report this irregular account activity"). For purposes of the pending motion to dismiss, the allegations, taken as true as required at this stage of the litigation, reasonably support the sole inference that Sonya or Michael Eddings intended to divert funds from the escrow accounts and that CB&T under the circumstances would have been aware of the misappropriation of the trust funds. At this stage of the

7

proceedings and in light of First American's allegations, it is reasonable to conclude that CB&T would certainly understand the significance of an overdraft on a trust account; the funds do not belong to the account holder but are held in trust by the account holder for the true owners of the funds.  Because the funds in a trust account are sums certain that are specifically allocated to the true owners of the funds, an overdraft in such an account means that someone's funds have been misappropriated. While an isolated overdraft could be caused by sloppy bookkeeping or careless arithmetic, First American alleges a pattern of overdrafts.  For purposes of determining whether First American's claim should survive a motion to dismiss, the Court finds that allegations of such a pattern support the conclusion that CB&T under these circumstances would be aware that the trust funds were being misappropriated.  The Court concludes that First American has alleged sufficient facts to state a claim for relief, and therefore, CB&T's motion to dismiss First American's claims against it is denied.

**II.  Crossclaims by Michael Eddings and the Eddings Firm Against CB&T.**

In a remarkable display of chutzpah, Michael Eddings and the Eddings Firm bring crossclaims against CB&T, contending that CB&T should not have paid checks presented to it for payment when there were insufficient funds in the account to cover the

checks.   They   allege   that   Sonya   Eddings   made   improper
withdrawals   from   the   escrow   accounts,   creating   a   negative
balance.   *E.g.,* Am. Answer of Eddings Firm ¶¶ 78-79, ECF No. 53.
They   further   allege   that   when   Sonya   Eddings   made   improper
withdrawals, CB&T honored checks against the accounts instead of
returning   the   checks   for   insufficient   funds,   thus   creating   an
overdraft   on   the   escrow   accounts.   *E.g., id.* ¶ 80.   Michael
Eddings   and   the   Eddings   Firm   also   allege   that   while   CB&T
"undertook   to   notify   Sonya   Eddings   of   the   overdrafts," CB&T did
not   notify   Michael   Eddings   or   the   State   Bar   of   Georgia   of   the
overdrafts.   *Id.* ¶¶ 80-81.   Finally, Michael Eddings and the
Eddings   Firm   assert   that   CB&T's   actions   kept   Michael   Eddings
"ignorant   of   the   diversions   of   funds"   and   resulted   in   this
action by First American "for which Michael Eddings is facing
substantial liability."   *Id.* ¶ 85.

Michael Eddings and the Eddings Firm contend that CB&T
should not have honored checks presented to it for payment when
there   were   insufficient   funds   in   the   account   to   cover   the
checks, but Michael Eddings and the Eddings Firm point to no
contractual   or   legal   basis   for   such   a   duty.   Moreover,   under
O.C.G.A. § 11-4-401, a bank "may charge against the account of a
customer   an   item   that   is   properly   payable   from   that   account   even
though   the   charge   creates   an   overdraft.   An   item   is   properly
payable   if   it   is   authorized   by   the   customer   and   is   in   accordance

with any agreement between the customer and bank." O.C.G.A. § 11-4-401(a). For these reasons, to the extent Michael Eddings and the Eddings Firm base their crossclaims on CB&T's decision to honor checks against the escrow accounts instead of returning them for insufficient funds, such a crossclaim clearly fails.

The contention of Michael Eddings and the Eddings Firm that the State Bar Rules provide the basis for a cause of action against CB&T is meritless and approaches frivolousness. Georgia law does not create a duty on a bank to notify the State Bar of Georgia when it pays a check drawn on a trust account even though the payment of the check is made when insufficient funds exist in the account to cover the check. The Georgia Rules of Professional Conduct provide that a financial institution that offers trust accounts for attorneys shall file a report with the Bar "in every instance where a properly payable instrument is presented against a lawyer trust account containing insufficient funds and said instrument *is not honored* within three business days of presentation." Ga. R. of Prof'l Conduct 1.15(III)(c)(2)(i), *available at* http://www.gabar.org/barrules/handbookdetail.cfm?what=rule&id=47 (last visited Aug. 16, 2012) (emphasis added). It is unclear how this rule creates a duty on CB&T under the allegations of the crossclaims, particularly given that Michael Eddings and the Eddings Firm allege that CB&T actually *honored* checks creating overdrafts instead of returning

them for insufficient funds.  Am. Answer of Eddings Firm ¶ 80.
Moreover, the rule itself specifically states that it "shall not
be deemed to create a duty to exercise a standard of care or a
contract with third parties that may sustain a loss as a result
of lawyers overdrawing attorney trust accounts."  Ga. R. of
Prof'l Conduct 1.15(III)(d).  Accordingly, the crossclaims
cannot be based on CB&T's failure to notify the Bar of the
overdrafts.

     With no citation to any supporting authority, Michael
Eddings asks the Court to recognize a cause of action based on
CB&T's alleged failure to notify Michael Eddings personally when
his trust accounts were overdrawn.  Michael Eddings makes this
argument even though the person who wrote the checks and
received notice of the overdrafts was authorized by him to write
the checks and receive such notices.  The Complaint specifically
alleges that Sonya Eddings "performed administrative and
accounting duties" for the Eddings Firm and Apex "and had full
access to the escrow and operating accounts," and those
allegations have been admitted.  Am. Compl. ¶ 11, Am. Answer of
Eddings Firm ¶ 11.  The crossclaims allege that CB&T notified
Sonya Eddings of the overdrafts.  Am. Answer of Eddings Firm ¶
80.  Noticeably absent from the crossclaims is any allegation
that CB&T knew or should have known that Sonya Eddings, acting
alone and not on behalf of or in concert with Michael Eddings,

was engaged in unauthorized use of any of the Eddings bank accounts in such a manner that it would give rise to a duty owed to Michael Eddings and/or the Eddings Firm.  The Court concludes that the crossclaims of Michael Eddings and the Eddings Firm fail to state a claim against CB&T.

CONCLUSION

As discussed above, CB&T's Motion to Dismiss First American's claims against CB&T (ECF No. 57) is denied, and CB&T's Motions to Dismiss the crossclaims against it brought by Michael Eddings and the Eddings Firm (ECF Nos. 60 & 61) are granted.

The Court previously stayed discovery and the deadline for the parties to submit a joint proposed scheduling order.  That stay is hereby lifted.  The parties shall submit a joint proposed scheduling/discovery order in accordance with the Court's Rules 16/26 Order (ECF No. 41).  The joint proposed scheduling/discovery order is due on or before September 6, 2012.

IT IS SO ORDERED, this 16th day of August, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE